**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| VIGILANT SOLUTIONS, LLC, ) <br> 1152 Stealth Street ) <br> Livermore, CA 94551 ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> REKOR SYSTEMS, INC. ) <br> 7172 Columbia Gateway Drive, Suite 400 ) <br> Columbia, Maryland 21046 ) <br> ) <br> Serve:  Registered Agent ) <br>         The Corporation Trust Incorporated ) <br>         2405 York Road, Suite 201 ) <br>         Lutherville-Timonium, MD 21093 ) <br> ) <br> and ) <br> ) <br> REKOR RECOGNITION SYSTEMS, INC. ) <br> 7020 Dorsey Road, Suite C ) <br> Hanover, Maryland 21076 ) <br> ) <br> Serve:  Registered Agent ) <br>         The Corporation Trust Incorporated ) <br>         2405 York Road, Suite 201 ) <br>         Lutherville-Timonium, MD 21093 ) <br> ) <br> and ) <br> ) <br> OPENALPR SOFTWARE SOLUTIONS, LLC ) <br> 7020 Dorsey Road, Suite C ) <br> Hanover, Maryland 21076 ) <br> ) <br> Serve:  Registered Agent ) <br>         Corporation Service Company ) <br>         251 Little Falls Drive ) <br>         Wilmington, DE 19808 ) <br> ) <br>     Defendants. ) | Civil Action No. _____ <br><br> JURY DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Vigilant Solutions, LLC ("Vigilant" or "Plaintiff") file this Complaint against Rekor Systems, Inc., Rekor Recognition Systems, Inc., and OpenALPR Software Solutions, LLC (collectively, "Defendants") and alleges the following:

**NATURE OF ACTION**

1.  This is an action for damages and equitable relief arising under the patent laws of the United States, Title 35, United States Code, including in particular, Sections 271, 281, 283, 284, and 285, as a result of Defendants' acts of infringement of United States Patent No. 8,781,169 ("the '169 Patent"). A true and correct copy of the '169 Patent is attached to this Complaint as Exhibit A.

**THE PARTIES**

2.  Plaintiff Vigilant Solutions, LLC is a company organized and existing under the laws of the state of Delaware with its principal place of business at 1152 Stealth Street, Livermore, California 94551. Vigilant is the current assignee and owner of the '169 Patent and is entitled to enforce all rights arising therefrom, including the right to prevent infringement of the patent.

3.  Defendant Rekor Systems, Inc. ("Rekor Systems") is a corporation organized under the laws of Delaware, with its principal place of business at 7172 Columbia Gateway Drive, Suite 400, Columbia, Maryland. On information and belief, Rekor Systems may be served through its registered agent for service of process, The Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville-Timonium, Maryland 21093. On information and belief,

Rekor Systems has been, and is now, directly and through its agents and affiliates, doing business in this judicial district and elsewhere in the United States.

4. Defendant Rekor Recognition Systems, Inc. ("Rekor Recognition") is a corporation organized under the laws of Delaware, with its principal place of business at 7020 Dorsey Rd., Suite C, Hanover, Maryland. On information and belief, Rekor Recognition may be served through its registered agent for service of process, The Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville-Timonium, Maryland 21093. On information and belief, Rekor Recognition is a private subsidiary of Rekor. On information and belief, Rekor Recognition has been, and is now, directly and through its agents and affiliates, doing business in this judicial district and elsewhere in the United States.

5. Defendant OpenALPR Software Solutions, LLC ("OpenALPR") is a company organized under the laws of Delaware, with its principal place of business at 7020 Dorsey Rd., Suite C, Hanover, Maryland. On information and belief, OpenALPR may be served through its registered agent for service of process, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. On information and belief, OpenALPR is a private subsidiary of Rekor. On information and belief, OpenALPR has been, and is now, directly and through its agents and affiliates, doing business in this judicial district and elsewhere in the United States.

6. Defendants have manufactured, used, offered for sale, or sold, and continue to manufacture, use, offer for sale, or sell, in the United States automated license plate reader ("ALPR") systems, including, but not limited to, Defendants' Watchman vehicle recognition software and OpenALPR vehicle recognition software, that compete in the market with ALPR systems designed, made, and sold by Vigilant and its affiliates.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 1338(a).

8. Defendants conduct substantial business in the state of Maryland, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and/or knowingly deriving revenue from the sale of goods and services, including the infringing goods and services, to individuals in the state of Maryland. Indeed, each Defendant maintains a principal place of business in the state of Maryland. Thus, Defendants have purposefully availed itself of the benefits of the state of Maryland, and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § § 1400(b) because each Defendant has a principal place of business in this judicial district and because each Defendant has transacted business and committed acts of patent infringement in this judicial district.

## THE PATENT-IN-SUIT

10. On July 15, 2014, the United States Patent and Trademark Office duly and legally issued the '169 Patent, entitled "Vehicle Tracking and Locating System," and naming Scott A. Jackson and Luke Smith as the inventors. A true and correct copy of the '169 Patent is attached to this Complaint as Exhibit A and incorporated herein by reference.

11. The '169 Patent is valid and enforceable.

12. The '169 Patent describes specific systems and methods for tracking and locating vehicles and providing information to a user about a vehicle of interest. Ex. A, 1:54–55. The '169 Patent describes that known systems for companies, such as repossession companies, to locate vehicles of interest are inefficient, expensive, and time-consuming, as agents, "skip-tracers," and/or "spotters" have to physically view the license plates of vehicles in an area and must cross-reference documents for each vehicle of interest "with each suspect license plate that he or she views while driving or while a passenger in a spotter vehicle." *Id.* at 1:36–50. The '169 Patent overcomes these inefficiencies by providing systems and methods for users to communicate with a remote database of vehicle information, thereby allowing a user to transmit a data request to the database for analysis/comparison to the data therein. *See, e.g.*, *id.* at 1:54–2:2, 2:28–4:36, 12:35–13:33. For example, a user can submit a license plate number to the system, and the system will return corresponding information about the vehicle from a master database, such as data about a possible repossession action or stolen vehicle action. *Id.* 4:11–36.

13. Claim 1 of the '169 Patent, for example, is directed to "[a] vehicle tracking and locating system for providing information to a user about a vehicle of interest," including components to receive and store data corresponding to vehicles from various sources in a database and components to receive and process data requests from external communication devices with respect to the stored vehicle data in the database. Claim 18 of the '169 Patent is likewise directed to "[a] vehicle tracking and locating method for providing information to a user about a vehicle of interest," including obtaining information records from a database of vehicle data in response to a data request by a user and transmitting data of interest from the database to the user in response.

14. The claims of the '169 Patent are not directed to a method of organizing human behavior or to a fundamental economic practice long prevalent in commerce. The '169 Patent describes systems and methods that address a technical problem—the inability for users to efficiently locate and identify vehicles of interest while in the field, *id.* at 1:36–50—with a technical solution: systems and methods for users to communicate with a remote database of vehicle information, thereby allowing a user to transmit a data request to the database for analysis/comparison to the data therein. *See, e.g.*, *id.* at 1:54–2:2, 2:28–4:36, 12:35–13:33.

15. The claims of the '169 Patent do not preempt the field nor preclude the use of other license plate reading systems. Rather, the claims are directed to specific systems and methods for facilitating a user's communication with a remote database of vehicle information for comparative and analysis purposes relative to a vehicle of interest. *See, e.g.*, *id.* at 1:54–2:2, 2:28–4:36, 12:35–13:33. Moreover, the '169 Patent identifies other systems for identifying and tracking vehicles that lack the claimed features of the '169 Patent. *Id.* at 1:21–50. For example, as the Examiner stated during prosecution, "[n]one of the prior art teaches or suggest receiving data corresponding to vehicles from a plurality of client sources and saving the data as information records corresponding to each client source, as required, in part, by each of the independent claims." And, as the '169 Patent explains, storing data corresponding to client sources in this fashion allows "a master database [to be] segmented for security and privacy considerations because if a vehicle is subject to repossession with respect to a first client, only repossession agencies authorized by the first client are permitted to access the corresponding information …." *Id.* at 5:12–18.

16. The claims of the '169 Patent do not take a well-known or established business method or process and apply it to a general-purpose computer. Instead, the specific methods

6

described and claimed in the '169 Patent have no direct corollary to a well-known business process. The '169 Patent describes systems and methods that address a technical problem that arises in the context of tracking and locating vehicles of interest. *Id.* at 1:21–50. Technical problems arose with how to safely and effectively use existing systems and methods given that a user must "cross-reference" information in his or her possession "with each suspect license plate that he or she views while driving or while a passenger in a spotter vehicle." *Id.* at 1:45–50. The solution of the '169 Patent has improved such systems and methods and related computer technology by providing specific methods for safe and efficient analysis of a suspect license plate by a user in the field. *See, e.g.*, *id.* at 1:54–2:2, 2:28–4:36, 12:35–13:33.

## THE ACCUSED INSTRUMENTALITIES

17.    As reflected on Defendants' own website and in various sponsored videos publicly available on the Internet, Defendants make, offer for sale, and sell "Licensed Plate Recognition Software," including Defendants "Watchman" vehicle recognition software and "OpenALPR" vehicle recognition software, which incorporate each and every element of one or more of the claims of the '169 Patent and therefore are covered by the '169 Patent ("the Accused Instrumentalities").

18.    For example, Defendants provide a vehicle tracking and locating system for providing information to a user about a vehicle of interest in the form of the Accused Instrumentalities.[1]

19.    The Accused Instrumentalities include a database controller coupled to a client data processor, in operative communication with a database, and configured to receive data

---

[1] *See, e.g.*, https://rekorsystems.com/watchman/ (last accessed February 21, 2020); https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).

corresponding to vehicles from a plurality of client sources, and save the data as information records corresponding to each client source.

20.     For example, Defendants' software "upgrades any IP camera into a vehicle recognition solution that can be used for real-time alerting of license plates."[2] The software "read[s] a license plate number," and "also provides vehicle type, make, and color."[3] And the Accused Instrumentalities store the collected vehicle data in a "Searchable Vehicle Database."[4] And as one, non-limiting example, various law enforcement agencies utilize Defendants' software across multiple departments, and even states, to share such collected vehicle data information corresponding to each department among multiple departments, permitting any number of law enforcement agencies that have the Accused Instrumentalities to search through the collected vehicle data for a suspect vehicle.[5]



[6]

---

[2] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).
[3] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).
[4] https://rekorsystems.com/watchman/ (last accessed February 21, 2020).
[5] https://www.youtube.com/watch?v=T1A6Vttwivo (last accessed February 21, 2020); https://www.youtube.com/watch?v=fxbez_wZW_o (last accessed February 21, 2020).
[6] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).



[7]

 

[8]

21. Additionally, the Accused Instrumentalities collect and store "hot-lists" from various law enforcement agencies, including with respect to stolen vehicles, for example,[9] and can generate "real time alerts" based on comparison of collected vehicle data, including the reading of a license plate number via the Accused Instrumentalities, against such collected and stored "hot-lists."[10]

---

[7] https://www.youtube.com/watch?v=ofpxX49vdXY (last accessed February 21, 2020).
[8] https://rekorsystems.com/watchman/ (last accessed February 21, 2020).
[9] https://www.youtube.com/watch?v=T1A6Vttwivo (last accessed February 21, 2020); https://www.youtube.com/watch?v=fxbez_wZW_o (last accessed February 21, 2020).
[10] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).



Rekor is Revolutionizing License Plate and Vehicle Recognition [11]

22. The Accused Instrumentalities include one or more external communication devices, including at least one wireless communication device, configured to transmit a data request by a user, the data request corresponding to the vehicle of interest.

23. For example, the Accused Instrumentalities allow a user to "manually enter plates" and "do forensic searches,"[12] and the "Searchable Vehicle Database" of the Accused Instrumentalities allows a user to obtain specific information the user needs, including searching by "exact plate number." [13]



[14]

---

[11] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).
[12] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).
[13] https://rekorsystems.com/watchman-features (last accessed February 21, 2020).
[14] https://rekorsystems.com/watchman/ (last accessed February 21, 2020).



## Searchable Vehicle Database

Easily access the information you need, exactly when you need it. Need to find a Black Hyundai? Search for it! Have an exact plate number? Search for that too! The analytical data you need is always at your fingertips.

[15]

24. And Defendants provide their customers with, and in fact install for their customers, the operational software to so access, browse, and search the "Searchable Vehicle Database" of the Accused Instrumentalities.[16]



[17]

25. Additionally, the Accused Instrumentalities also provide for "real time" requests related to the automatic comparison of observed and collected vehicle data, including the reading of a license plate number via the Accused Instrumentalities, against "hot-lists" collected, and stored, from various law enforcement agencies, including with respect to stolen vehicles, for

---

[15] https://rekorsystems.com/watchman-features (last accessed February 21, 2020).
[16] https://rekorsystems.com/watchman/ (last accessed February 21, 2020).
[17] https://rekorsystems.com/watchman/ (last accessed February 21, 2020).

example.[18]



Rekor is Revolutionizing License Plate and Vehicle Recognition [19]

26.     The Accused Instrumentalities include a request server configured to receive a data request, the data request received in one of a plurality of communication formats, an input request processor operatively coupled to the request server and configured to obtain information records from a database corresponding to the data request, and an output processor operatively coupled to the request server and configured to provide data of interest from the obtained information records for transmission to the respective communication device.

27.     For example, the Accused Instrumentalities allow a user to "manually enter plates" and "do forensic searches,"[20] and the "Searchable Vehicle Database" of the Accused Instrumentalities allows a user to obtain specific information the user needs, including searching by "exact plate number."[21]

---

[18] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020); https://www.youtube.com/watch?v=T1A6Vttwivo (last accessed February 21, 2020); https://www.youtube.com/watch?v=fxbez_wZW_o (last accessed February 21, 2020).
[19] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).
[20] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).
[21] https://rekorsystems.com/watchman-features (last accessed February 21, 2020).




[22]



[23]

28.     Additionally, the Accused Instrumentalities also provide for and generate "real time alerts" based on the comparison of observed and collected vehicle data, including the reading of a license plate number via the Accused Instrumentalities, against "hot-lists" collected, and stored, from various law enforcement agencies, including with respect to stolen vehicles, for example. [24]

---

[22] https://rekorsystems.com/watchman/ (last accessed February 21, 2020).
[23] https://rekorsystems.com/watchman-features (last accessed February 21, 2020).
[24] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020);
https://www.youtube.com/watch?v=T1A6Vttwivo (last accessed February 21, 2020);
https://www.youtube.com/watch?v=fxbez_wZW_o (last accessed February 21, 2020).



Rekor is Revolutionizing License Plate and Vehicle Recognition [25]

## COUNT I – INFRINGEMENT OF THE '169 PATENT

29. Plaintiff re-alleges, adopts, and incorporates by reference the allegations preceding paragraphs as though fully set forth herein.

30. Defendants infringe one or more claims of the '169 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing into the United States Accused Instrumentalities that embody each element of at least one of the claims of the '169 Patent and will continue to do so unless enjoined by this Court.

31. Defendants also indirectly infringe the '169 Patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '169 Patent, at least by the filing of the Complaint, and by failing to cease offering the Accused Instrumentalities, Defendants have knowingly and intentionally induced, and continue knowingly and intentionally to induce, others in this judicial district and throughout the United States, including but not limited to Defendants' customers and/or ultimate end users, to directly infringe one or more claims of the '169 Patent,

---

[25] https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).

such as claim 1. Defendants do so, *inter alia*, by (1) providing instructions or information to explain how to use the Accused Instrumentalities in an infringing manner; and (2) touting these infringing uses of the Accused Instrumentalities in Defendants' advertisements.[26]

32.   Defendants also indirectly infringe the '169 Patent by contributing to the direct infringement of Defendants' customers and/or ultimate end users under 35 U.S.C. § 271(c) by providing the Accused Instrumentalities, which, as evidenced by Defendants' own advertising materials, are specially made for use in a manner infringing one or more claims of the '169 Patent, such as claim 1, and have no substantial non-infringing uses.[27]

33.   Plaintiff has been and continue to be injured by Defendants' infringement of the '169 Patent.

34.   Plaintiff has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. Plaintiff is entitled to recover damages to compensate Plaintiff for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

35.   Plaintiff has been damaged by Defendants' infringement of the '169 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe.

36.   Defendants' infringement has been and continues to be deliberate, willful, intentional, egregious, and with knowledge of the '169 Patent, at least by the filing of the

---

[26] *See, e.g.*, https://rekorsystems.com/watchman/ (last accessed February 21, 2020); https://rekorsystems.com/watchman-features (last accessed February 21, 2020); https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).
[27] *See, e.g.*, https://rekorsystems.com/watchman/ (last accessed February 21, 2020); https://rekorsystems.com/watchman-features (last accessed February 21, 2020); https://www.youtube.com/watch?v=EZgIrxTUsXg (last accessed February 21, 2020).

Complaint, such that Plaintiff is entitled to recover their attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enter judgment that Defendants have infringed the '169 Patent, and that such infringement has been willful;

(b) Permanently enjoin Defendants from infringing the '169 Patent, pursuant to 35 U.S.C. § 283, or grant such other equitable relief the Court determines is warranted;

(c) Award Plaintiff damages in an amount to be proven at trial because of the injury suffered by reason of Defendants' infringement of the '169 Patent;

(d) Increase the damages awarded to Plaintiff up to three times the amount found to be Plaintiffs' actual damages, as authorized by 35 U.S.C. § 284;

(e) Award Plaintiff its attorney's fees and other expenses of litigation pursuant to 35 U.S.C. § 285;

(f) Award Plaintiff prejudgment interest and costs pursuant to 35 U.S.C. § 284; and

(g) Award Plaintiff such other and further relief as the Court deems proper.

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on any issue in this action triable by right before a jury.

                                        Respectfully Submitted,

                                        KILPATRICK TOWNSEND & STOCKTON LLP

Dated: February 21, 2020        By:  /s/ John T. Bergin
                                                  John T. Bergin (#22842)
                                                  607 14th Street, NW, Suite 900
                                                  Washington, DC 20005
                                                  (202) 481-9942 *telephone*
                                                  (202) 204-5622 *facsimile*
                                                  jbergin@kilpatricktownsend.com

                                                  Steven D. Moore *(Pro Hac Vice to be filed)*
                                                  Two Embarcadero Center, Suite 1900
                                                  San Francisco, CA 94111
                                                  (415) 273-4741 *telephone*
                                                  (415) 651-8510 *facsimile*
                                                  smoore@kilpatricktownsend.com

                                                  Joshua H. Lee *(Pro Hac Vice to be filed)*
                                                  1100 Peachtree Street NE, Suite 2800
                                                  Atlanta, GA 30309
                                                  (404) 815-6582 *(telephone)*
                                                  (404) 541-3252 *(facsimile)*
                                                  jlee@kilpatricktownsend.com

                                                  Timothy E. Taylor *(Pro Hac Vice to be filed)*
                                                  2001 Ross Avenue, Suite 4400
                                                  Dallas, Texas 75201
                                                  (214) 922-7145 *(telephone)*
                                                  (214) 292-9607 *(facsimile)*
                                                  ttaylor@kilpatricktownsend.com

                                                  *Counsel for Plaintiff Vigilant Solutions, LLC*